UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-14015-CR-MARTINEZ/LYNCH(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARMEN CADENA,

    Defendant.
_____/

FILED by ___ D.C.

SEP 16 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 14-2139]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Ruben Garcia, Esquire, as attorney for the Defendant Carmen Cadena, as well as a copy of Mr. Garcia's Motion explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of $11,592.20 as attorney's fees for the tasks performed and hours spent as more particularly set forth in the voucher. Additionally, Mr. Garcia seeks reimbursement of costs in the amount of $86.40 and $1,017.87 for travel and mileage expenses, totaling $1,104.27.

    2.    The CJA Administrative Office has adjusted the hours and amounts set forth in the CJA Voucher to correctly reflect the time devoted to each task and the applicable hourly rate which varied during the time that the Defendant was represented by Mr. Garcia. This Court is familiar with the case since it conducted all pretrial proceedings in this case. It is not necessary to conduct an evidentiary hearing based upon this Court's familiarity with

case. Additionally, this is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3. The attorney's fees sought by Mr. Garcia exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether this matter is "extended" or "complex" as defined in the statute. Extended is defined as a case requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. The Defendant was charged in a multi-count Indictment along with several other co-defendants with various criminal offenses arising from human trafficking wherein young females were brought from Mexico into the United States in what amounted to a "human trafficking/slavery case."

5. While the case began in 1998, the Defendant was not taken into custody in Mexico until recently. She appeared for her initial appearance on December 19, 2014 and counsel was appointed for the Defendant at that time. On December 22, 2014, this Court conducted an Arraignment and Detention Hearing involving this Defendant. The Defendant was detained pending further Order of the Court.

6. The case finally was resolved by way of a change of plea wherein the Defendant and the government entered into a written Plea Agreement wherein the Defendant would plead to a conspiracy count contained within Count Two of the Superseding Indictment and the government would agree to dismiss ten additional counts against this Defendant. The Defendant entered her guilty plea before the District Court on or about January 26, 2015. Thereafter, the Defendant was sentenced by the District Court on May 18, 2015 to a period of sixty months in the Federal Bureau of Prisons to be

followed by three years of supervised release and deportation from the United States on her release from custody.

7. This Court is familiar with the co-defendant cases. These cases did involve extensive discovery. As alleged by counsel for the Defendant in his Motion to exceed the statutory cap for attorney's fees, he had to not only review the pending discovery, but also had to review the prior proceedings from years ago involving the co-defendants. Those other proceedings may have had an effect upon the government's presentation of evidence against this Defendant. All of this having been taken into consideration by the Court and a review of the detailed time records attached to the Motion, this was not a normal criminal case. While it was resolved shortly after the Defendant was eventually extradited back to the United States, the work of counsel for the Defendant did not end with the change of plea. There were post-plea motions filed concerning granting the Defendant credit for time served in detention under this charge prior to being brought into federal custody. That motion was granted. Also additional matters needed to be addressed between the time of the change of plea and sentencing. There were also extended conferences with the Defendant which were necessary.

8. In determining whether or not the matter is complex, this Court must look to the underlying charges for which the Defendant was indicted in the Superseding Indictment. This Court has already reviewed that previously herein. The tasks performed as set forth in Mr. Garcia's Motion and time records all appear to this Court to be reasonable and necessary in light of the charges the Defendant was facing in this Superseding Indictment. This case did require extensive time on the part of counsel for the Defendant. This Court does not find any of the tasks which were performed by Mr.

3

Garcia to be unnecessary. The time records have been adjusted as noted on the CJA Voucher. That adjustment has been made by the CJA Administrative Office. The travel time that Mr. Garcia seeks is reasonable in light of having to visit his client who was detained in the St. Lucie County Jail. Further, the costs involved as delineated in the attachments were reasonable and necessary.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 14-2139 be **GRANTED** and that Mr. Garcia be awarded the sum of $11,592.20 as reasonable attorney's fees together with costs in the amount of $1,104.27, for a total sum of $12,696.47.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ___16___ day of September, 2015, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Ruben Garcia, Esq.
Jean Vera, Court Reporter Coordinator/CJA Deputy Clerk